WRIGHT, Presiding Judge.
Plaintiff, Cook and Sons, recovered of defendant, Ms. Linda Ramsey Toles, a judgment in the amount of $1,667.82, representing the value of materials allegedly sold to defendant by plaintiff. Defendant appeals. We affirm.
Defendant contracted with Henry Bailey to build a room onto her house and to make other repairs. Defendant agreed to pay Bailey $5,200, and Bailey was to “furnish all labor and material.” After receiving part payment from the defendant with the work still uncompleted, Bailey abandoned the job. Defendant executed a new contract to complete the work.
Plaintiff provided materials to Bailey and charged them to the “Henry Bailey — Ramsey job.” When Bailey left the defendant’s job unfinished, plaintiff filed a complaint against defendant to establish a lien on her property for the value of the materials charged out to the “Ramsey job.” Defendant filed a third-party action against Bailey. Defendant obtained a default judgment against Bailey in the amount of $4,525, which she had been unable to collect.
At trial, plaintiff’s employee testified that defendant came into plaintiff’s business and stated that Bailey would be doing some work for her. Defendant allegedly said that if plaintiff would let Bailey have the material, she [defendant] would stand good for it. The invoices were made out to “Henry Bailey — Ramsey job.” The employee testified that the materials were “sold to Bailey with defendant guaranteeing payment.” She stated Bailey’s credit was no good with plaintiff and that they primarily looked to defendant for payment.
After that testimony, defendant moved to dismiss on the ground that the evidence showed that the materials were not furnished to defendant, but to Bailey; and that her liability, if at all, would have to be based on a guarantee and not on the lien statute. Furthermore, since plaintiff’s complaint did not allege a contract with defendant, defendant argued that the case should be dismissed without a finding for plaintiff on the guaranty theory. The trial court granted defendant’s motion, concerning the establishment of the lien, but on the court’s own motion and over defendant’s objection, the plaintiff was allowed to amend its complaint to charge defendant’s liability under a theory of guaranty or primary liability for the debt.
Defendant was called as an adverse witness by plaintiff. She testified that she never had any agreement with the plaintiff as to whether she or Bailey would be responsible for the debt. However, she stated that it was her understanding that Bailey would be responsible for all material costs as evidenced by her contract with him. Without findings of fact, the trial court rendered judgment in favor of plaintiff against defendant for $1,667.82, the full amount of the debt.
On appeal defendant argues that the evidence does not support a judgment against *1049 her as a primary debtor or as a guarantor of Bailey’s debt. She also contends that the trial court abused its discretion by allowing plaintiff to amend its complaint without giving defendant adequate time to prepare a defense to the amended complaint.
We feel it unnecessary to address defendant’s contentions regarding an absence of liability for the debt as guarantor, because the evidence was sufficient before the trial court to find the defendant primarily liable for the debt to plaintiff. It was held in the case of Scott v. Myatt, 24 Ala. 489, 60 Am.Dec. 485 (1854) that a letter in which the writer states that if his correspondent will fill the order of another, the writer will be responsible, is an original promise and not a guaranty. An original agreement to be responsible for goods is not affected by the fact that the goods are delivered directly to another corporation, or that the goods are charged on the seller’s books to that corporation receiving the goods. J. Zimmern’s Co. v. Granade, 212 Ala. 172, 102 So. 210 (1924). In order to determine whether a promise is collateral, and thus within the statute of frauds, or original and not within the statute, a determination must be made as to whom the credit is actually given. If the credit is given solely to the promisor, although the goods are delivered to another, then the promise is original and not one of guaranty and not within the Statute of Frauds. Day v. Adcock, 11 Ala.App. 471, 66 So. 911 (1914). The question of to whom the credit was actually given is one of fact to be determined by the trier of fact. Day v. Adcock, supra.
The evidence below showed that the plaintiff had no dealings with Bailey other than to deliver the materials to him for defendant’s job. Plaintiff’s employee testified that Bailey had no credit with the plaintiff other than upon defendant’s request. Defendant made partial payment on the account with plaintiff and objected to certain charges made by plaintiff. We find there was adequate evidence before the trial court for it to determine that credit was extended solely to the defendant by plaintiff, and that the defendant was primarily liable to plaintiff for the debt.
Defendant’s contention that the trial court abused its discretion by allowing the amended pleading is not well taken. ARCP 15(b) provides in part:
“If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be sub-served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivision (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The court is to be liberal in granting permission to amend when justice so requires.”
The Committee Comments to Rule 15 state that if an objecting party can show prejudice, the court may grant a continuance; however, refusal to allow amendment can only be justified where the amendment and evidence will not assist in reaching the merits of an action. Robbins v. Jordan, 86 U.S.App.D.C. 304, 181 F.2d 793 (1950). Although the trial court in the present case could have granted a continuance to defendant, one was not requested, and the trial court cannot be put in error unless the matter complained about is called to its attention by objection or other appropriate method. Colburn v. Mid-State Homes, Inc., 289 Ala. 255, 266 So.2d 865 (1972).
There being no error shown, the judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.