BRADLEY, Judge.
Plaintiff, Robert Rucker, and Jimmy Robinson were co-owners of a Huntsville, Alabama nightclub known as Jimmy’s Underground A-Go-Go. On May 9,1977 Ruck-er and Robinson, as sellers, signed a written contract with Cyril Ritzus, as buyer, whereby sellers agreed, for a total consideration of $30,000, to sell to buyer “all of their right, title and interest to all of the furniture, fixtures, equipment and inventory” in the aforementioned club. Paragraphs two and three of the contract provided that buyer would place $20,000 of the purchase price of the club in the hands of the buyer’s attorneys to be held by them in an escrow account. Such money would be paid to sellers when and if buyer secured all necessary city and state licenses to operate the club “as a restaurant-night club serving alcoholic beverages .... ” The cost of effecting any improvements or repairs to the premises which might be required to be made to obtain such licenses and all taxes on the club’s operations would be paid by sellers. In the event that sellers could not pay for these improvements or repairs or satisfy any or all of the club’s taxes, buyer would be entitled to reimbursement from the $20,000 escrow account for any expenses he might incur in effecting the improvements or repairs or in satisfying the taxes. Buyer would pay the remaining $10,000 balance in equal monthly installments of $500 each at eight percent simple interest after the club had been licensed to serve alcoholic beverages.
On May 10, 1977 Mr. Ritzus executed a lease by which Arthur Cole, Inc., as lessor, demised the club’s premises to Ritzus as lessee for a term of five years. A certificate of incorporation was filed with the Madison County Probate Judge’s office on May 16, 1977. This certificate named Mr. Ritzus, Margaret Sides, and Jimmy Wayne Sides as incorporators of a new corporation entitled “Club Management, Inc.” whose principal place of business was identical to that of Jimmy’s Underground A-Go-Go. All three incorporators were named as officers and directors of the corporation and as sole subscribers to all one thousand shares of its capital stock. That same day, Mr. Ritzus, acting on behalf of the corporation, filed an application for a liquor license with the city of Huntsville. The city subsequently granted such a license to the corporation. Thereafter, Ritzus assigned his interest in the May 16, 1977 lease to the corporation and all three incorporators assigned all of their shares and other interests in the property of the corporation to defendants Thomas Lankford and Winfred Turner. One Jyles Machen purchased a one-quarter interest in the corporation from these defendants on May 23, 1977. On November 4, 1977 defendant Lankford assigned all of his right, title, and interest in Club Management to defendant Turner. Turner resigned as a director of the corporation on December 10, 1977 and Jyles Ma-chen became its sole stockholder. On February 15,1978 Machen sold Jimmy’s Underground A-Go-Go to one Robert Lamm for a total consideration of $35,000. Jimmy Robinson assigned all of his interest in the proceeds of the May 9, 1977 contract to plaintiff on July 6, 1977. Plaintiff eventually received only $2,000 of the $20,000 placed in escrow for the purchase of the club and only $1,500 of the remaining $10,-000 balance which was to be paid to him in monthly installments of $500 each.
Rucker instituted the present action against Cyril Ritzus, Club Management, Inc., Thomas Lankford, Winfred Turner, *107 Jyles Machen, and other unnamed defendants on May 29, 1978, alleging that said defendants breached the May 9, 1977 contract in that they failed to pay plaintiff $8,500 of the $10,000 payable to him in monthly installments. Plaintiff obtained entries of default pursuant to Rule 55(a) of the Alabama Rules of Civil Procedure against defendants Cyril Ritzus and Club Management, Inc. The remaining defendants filed answers generally denying all the material allegations of plaintiff’s complaint and asserting that any claims for breach of the contract which plaintiff might have against them were barred by § 8-9-2(3) of the 1975 Code of Alabama. After an ore tenus trial the Circuit Court of Madison County entered a judgment against defendants Cyril Ritzus, Club Management, Inc., Thomas Lankford, and Winfred Turner for $9,850. Defendants Lankford and Turner filed motions for a new' trial or to alter, amend or vacate the judgment on the grounds, inter alia, that the court erred in its application of the law to the facts of the case and that the contract which defendants had allegedly breached could not be enforced against them without contravening §§ 8-9 — 2(1) and (3) of the 1975 Code of Alabama. From the denial of these motions by the circuit court, defendants Lank-ford and Turner (hereinafter referred to simply as defendants) have prosecuted the instant appeal. For the reasons stated below, we reverse.
Plaintiff introduced substantial testimony upon the trial of this cause tending to show that defendants, prior to the execution of the May 9, 1977 contract by Cyril Ritzus, Jimmy Robinson and plaintiff, had orally promised Robinson and Rucker that they would furnish all of the money necessary for the purchase of Jimmy’s Underground A-Go-Go and that Ritzus never furnished any of the consideration for the purchase of the club. Plaintiff’s amended complaint, corroborated by testimony elicited from him on cross-examination, however, clearly indicated that he considered defendants to have orally guaranteed payment by Ritzus of all sums due plaintiff under the contract. Moreover, it is uncontroverted that plaintiff, by the contract of May 9, sold the club to Ritzus, who thereafter became manager thereof, and that defendants did not acquire their interests in the club on or before May 9, 1977.
Although this court will not reverse a trial court’s ore tenus findings of fact if they are supported by any credible evidence and are not palpably wrong or manifestly unjust, Dicon, Inc. v. Great Atlantic & Pacific Tea Co., Ala., 381 So.2d 18 (1980); First National Bank of Birmingham v. Currie, Ala., 380 So.2d 283 (1980); Gertz v. Allen, Ala., 376 So.2d 695 (1979), we will not affirm its judgment based upon these facts if its application of the law to such facts is erroneous. Borland v. Sanders Lead Co., Ala., 369 So.2d 523 (1979). We believe that the circuit court’s implicit finding that defendants were jointly and severally liable on the May 9,1977 contract signed by plaintiff, Robinson, and Ritzus as original contracting parties and were not sureties for the payment by Ritzus of all monies due plaintiff under the contract is palpably wrong and that it erred in refusing to discharge defendants from liability for breach of the contract pursuant to § 8-9-2(3) of the 1975 Code of Alabama.
Section 8-9-2 of our Code states, in part, that:
In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:

(3) Every special promise to answer for the debt, default or miscarriage of another;
Thus, if a promisor promises to guarantee payment of a third party’s debt to a promisee, the promisor’s promise cannot thereafter be enforced against him by the prom-isee unless the promise was previously reduced to writing. Gregory v. Hardy, 53 Ala.App. 705, 304 So.2d 209 (1974). However, if the promise is an “original” rather *108 than a “collateral” one, it need not be in writing to be enforceable against the prom-isor. Schiffman v. H. L. Raburn & Co., 47 Ala.App. 390, 255 So.2d 332, cert. denied, 287 Ala. 741, 255 So.2d 338 (1971).
In order to determine whether a promise is collateral, and thus within the statute of frauds, or original and not within the statute, a determination must be made as to whom the credit is actually given. If the credit is given solely to the promisor, although the goods are delivered to another, then the promise is original and not one of guaranty and not within the Statute of Frauds. [Emphasis ours.]
Toles v. Cook & Sons Lumber Co., Ala.Civ. App., 370 So.2d 1047 (1979); accord, Riteway Machine & Manufacturing Co. v. First National Bank of Tuscumbia, Ala., 374 So.2d 1361 (1979). If such credit is extended simultaneously to both the promisor and the debtor, then the promisor’s promise may also be deemed an “original” promise. Schiffman v. H. L. Raburn & Co., supra. It follows that if plaintiff sold Jimmy’s Underground A-Go-Go to defendants and Rit-zus at the same time or only to defendants or if defendants and Ritzus simultaneously obtained the benefits of owning and operating the club or if only defendants enjoyed these benefits, then defendants’ promise to guarantee Ritzus’ payment of the club’s purchase price was an original promise which did not have to be reduced to writing to be enforced by plaintiff against defendants.
As previously noted in the course of this opinion, Rucker and Robinson sold Jimmy’s Underground A-Go-Go to Cyril Ritzus, not to defendants. Although defendants reaped most of the benefits derived from the operation of the club, they did not become entitled to these benefits at the same time that Ritzus became so entitled to them. Ritzus only became manager of the club and received compensation for his services in this capacity after he signed the May 9 contract of sale. Thus, it cannot be said that plaintiff sold the club only to defendants or to defendants and Ritzus at the same time or that the benefits of operating the club devolved upon defendants alone or upon defendants and Ritzus simultaneously. Defendants’ promise to guarantee Ritzus’ payment of the club’s purchase price was a collateral promise which could not be enforced by plaintiff against them. The circuit court should have granted defendants’ motion to alter, amend, or vacate the judgment or grant a new trial, and for its failure to do so its judgment must be reversed.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.