PER CURIAM.
The plaintiff sued the defendant seeking payment for certain airline tickets. The trial court granted summary judgment for the defendant. The plaintiff appeals and this court reverses.
The dispositive issue on appeal is whether there is such a “genuine issue as to a material fact, etc.,” that summary judgment is inappropriate. We find that there is such a “genuine issue, etc.,” and, as indicated, reverse and remand.
Pertinently the record reveals the following: Plaintiff, Adventure Travel Agency, filed suit against Frank Falkenburg seeking recovery for $8,372.75 worth of airline tickets issued to the Birmingham Bulls hockey team. Defendant is a partner or general partner of the Bulls’ parent organization. According to the amended complaint, at the time the defendant contacted plaintiff about furnishing tickets, the Bulls’ financial position was so poor that the agency refused to deal directly with the team. Plaintiff alleges that it agreed to furnish tickets only when defendant, an established customer of the travel agency, agreed to be personally liable for payment of the tickets. Plaintiff supplied the tickets on or about January 7, 1981. Bills for the tickets were sent to both the Bulls and the defendant, but no payment has been made.
At the outset we note the following standard of review applicable in a summary judgment case:
“To decide an appeal from a summary judgment this Court looks to the same factors the trial court initially considered in ruling on the motion. Tolbert v. Gulsby, 333 So.2d 129 (Ala.1976); Long v. Bankers Life & Casualty Co., 294 Ala. 67, 311 So.2d 328 (1975). ARCP 56(c) states that a summary judgment ‘shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ All reasonable inferences from the facts are to be viewed most favorably to the non-moving party and the moving party must establish that the other party could not recover under ‘any discernible circumstances.’ Folmar v. Montgomery Fair Co., Inc., 293 Ala. 686, 309 So.2d 818 (1975). The scintilla evidence rule requires that if there is even a scintilla of evidence presented to support the non-moving party’s position the summary judgment may not be granted. Browning v. Birmingham News, 348 So.2d 455 (Ala.1977); Wilbanks v. Hartselle Hospital, 334 So.2d 870 (Ala.1976).”
Chiniche v. Smith, 374 So.2d 872, 873 (Ala.1979).
In dealing with a summary judgment motion a court must bear in mind that the burden of producing evidence of the necessary certitude to negate the opposing party’s claim always rests with the moving party, regardless of the fact that the burdens of proof might be assigned otherwise at trial. See 6 Moore’s Federal Practice ¶ 56.15[3] (2d ed. 1983). The questions before this court, therefore, are whether the defendant presented sufficient evidence to establish that plaintiff, as a matter of law, cannot recover on any of the theories of relief pleaded, see Tolbert v. Gulsby, 333 *930 So.2d 129, 131 (Ala.1976), and if so, has plaintiff adequately countered defendant’s showing.
Defendant through able counsel moved for summary judgment, relying upon the statute of frauds provision in § 8-9-2(3), Ala.Code (1975), which voids any “special promise to answer for the debt, default or miscarriage of another” unless the promise is recorded in a written agreement, note, or memorandum. Defendant also relied upon evidence contained in plaintiff’s answers to defendant’s first set of interrogatories and request for production in an attempt to establish that defendant’s role was solely that of a guarantor or surety for a debt primarily assumed by the Bulls’ team. After considering the matter, including the briefs of the parties and the applicable case law, this court, as indicated, finds that a genuine fact issue exists as to defendant’s proper role and that summary judgment was improvidently granted.
Riteway Machine & Manufacturing Co. v. First National Bank, 374 So.2d 1361 (Ala.1979), involved a directed verdict based upon the statute of frauds’ provision contained in § 8-9-2(3). In reversing the decision below, the Alabama Supreme Court emphasized that the frauds statute' applies only when the promisor assumes secondary liability for a debt:
“Code 1975, § 8-9-2(3) provides generally that every special promise to answer for the debt, default, or miscarriage of another is void unless it is written. As was noted in Boykin & McRae v. Dohlonde & Co., 37 Ala. 577 (1861), the determinative inquiry is to whom did the promisee extend the credit. If the prom-isee extended credit to the promisor, then the promisor is not being asked to answer for the debt of another, and it is immaterial that the goods were delivered to or the services were performed for someone other than the promisor. If that be the case, then the requirement that the promise be written is not applicable.”
374 So.2d at 1370. Following Riteway, the summary judgment was appropriate only if the facts established, without dispute, that defendant agreed, but not in writing, to serve only as a guarantor or surety for a debt assumed in the first place by the Bulls’ team. If it is unclear whether defendant assumed primary or secondary liability, then the question must be submitted to a jury. Id.
The evidence defendant relied upon includes numerous bills from the travel agency which were addressed only to the “Birmingham Bulls” and which were sent to the hockey team’s address. It was not until June of 1981 that the plaintiff travel agency added defendant Falkenburg’s name to the bill and changed the billing address to Falkenburg’s work address. The defendant contends that this evidence conclusively establishes that he agreed and that the plaintiff understood that he was to serve only as a guarantor on the Bulls’ obligation. (Defendant stresses that plaintiff looked to defendant for payment only when it became clear that the hockey team would not satisfy the debt.) Defendant also relies on a March 16, 1981 letter from the plaintiff travel agency to the Bulls which contains the following two paragraphs:
“We have attached an up to date statement of the Birmingham Bulls account. Your present balance is $8,372.75 and immediate payment is expected.
“When we opened your account you stated that All Seasons Travel had refused to issue additional tickets without cash payment. Adventure Travel agreed to issue tickets against gate receipts of the out of town games. But in no case would you need more than two weeks credit. This has not been the case, your present debt is now more than a month in arrears.”
Defendant urges that this letter supports his contention that the Bulls were primarily liable for the tickets purchased..
Without deciding whether such evidence would be sufficient to satisfy the heavy burden placed upon defendant as the summary judgment movant, this court must find that other evidence in the record, favorable to plaintiff, contradicts defendant’s evidence, creates a factual issue, and mandates reversal of the summary judgment. *931 In her affidavit Carol Retan, an agent for the plaintiff, testified as follows:
“During the negotiations with Mr. Falk-enburg I made it clear to him that the Birmingham Bulls credit was unacceptable and that any credit extended by Adventure Travel would be to Mr. Falken-burg and that Adventure Travel would hold him responsible for the payment of the account. Mr. Falkenburg agreed to be personally liable for payment of the account.”
Max Hale, another employee of the plaintiff, gave the following explanation in his interrogatory answer:
“When Frank Falkenburg was asked to pay up, he asked us to intercede and see if [the Bulls] would not come up with the proceeds from the residual money left in the equipment that they claimed they owned that had to be auctioned off. As an accommodation to Mr. Falkenburg we tried to collect from the Bulls organization and failed.... Mr. Falkenburg finally advised that if he paid for the tickets he had no way of collecting from the Bulls organization and refused to honor his obligations.”
Taken together, this evidence is sufficient to create a question for the trier of fact as to whether Mr. Falkenburg agreed to be primarily or secondarily liable on the tickets. If Falkenburg agreed to be a surety (secondarily liable) the statute of frauds would apply and plaintiffs claim would fail without written proof of defendant’s promise. On the other hand, if Falkenburg agreed to be primarily liable no writing containing his promise would be necessary and the statute of frauds provision would be rendered inapplicable.
In view of the above, the learned and distinguished trial judge erred in granting summary judgment. Accordingly, the summary judgment entered below is hereby reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.