This is a divorce case. On September 13, 1983 the parties to this appeal were divorced by a decree of the Circuit Court of Jefferson County. As a part of that decree husband was ordered to pay wife $5,000 per month as periodic alimony and an attorney's fee of $35,000.
Husband appeals and argues here that the trial court abused its discretion in the award of periodic alimony and attorney's fees. We find no abuse and affirm.
Without relating the evidence in detail, the record shows that the parties were married in 1968 when husband was a freshman in medical school. The husband is now thirty-six years of age, a thoracic surgeon, and in good health. The wife is thirty-five years of age, unemployed, and her health is questionable.
Although husband obtained scholarships and loans and worked to pay the expenses of his medical education, the wife also worked during a large portion of the time husband was receiving his medical training and contributed most of her earnings to the *Page 380 
payment of the parties' living expenses and to some of husband's educational expenses.
The record shows that the husband's income in 1982 was about $483,000. The wife has not been employed since 1978. She was employed at that time as a scrub nurse at the University of Iowa Hospital where her husband was in training in cardiovascular surgery. Wife is presently engaged in obtaining her master's degree in nursing.
The parties' fifteen year marriage has been filled with discord, especially since 1972. Husband and wife have separated several times and then have been reconciled. The separations were usually precipitated by the husband's affairs with other women.
The husband had a girl friend at the time of the hearing that he had been seeing for about two years. He had given his paramour gifts and sizeable sums of money, as well as taking her on several trips with him.
Husband's first contention is that the award of periodic alimony was an abuse of the trial court's discretion. We disagree.
In divorce actions the awarding of alimony and attorney's fees is a matter within the sound discretion of the trial court, and a judgment will not be disturbed unless there is an abuse of that discretion. Hinds v. Hinds, 415 So.2d 1122
(Ala.Civ.App. 1982). In determining whether to award alimony and, if so, how much, the criteria to be considered by the trial court include the earning ability of the parties, their future prospects, their age, health, station in life, the duration of the marriage, their accustomed standard of living, the source, value and type of property, and the conduct of the parties as it relates to the divorce. Morgan v. Morgan,402 So.2d 984 (Ala.Civ.App. 1981); Elsevier v. Elsevier,355 So.2d 382 (Ala.Civ.App. 1978). Also, the decision to award periodic alimony or to refuse such alimony depends upon the relevant facts in each case. Hall v. Hall, 382 So.2d 1139 (Ala.Civ.App. 1980).
In the instant case the facts show that the parties have been married fifteen years and for at least the first five of those years wife was working and produced income for the family. The husband is a physician and, from a financial standpoint, his future looks very bright. In 1982 husband's gross income was approximately $483,000. The wife is pursuing a degree and is presently unemployed. Even if wife does secure suitable employment, it is highly unlikely that she will ever be able to earn as much as husband does. Husband is in good health and wife is in questionable health. The parties enjoyed a very comfortable standard of living, and it is logical to assume that the wife has grown accustomed to such affluence. Moreover, there was evidence that husband has committed adultery numerous times over the course of the marriage.
Therefore, applying the above guidelines to the facts of the present case, we do not find that the trial court abused its discretion in awarding periodic alimony to the wife, nor in the amount of the award.
Husband's final contention is that the trial court's award of $35,000 attorney's fees is excessive and, therefore, an abuse of discretion.
Allowance of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed except for an abuse of that discretion. Hinds v. Hinds, supra; Burgessv. Burgess, 54 Ala. App. 396, 309 So.2d 107 (Ala.Civ.App. 1974). In arriving at the value of legal services performed in a divorce action, the trial court may properly consider the following: (1) the nature and value of the subject matter of employment; (2) the learning, skill, and labor necessary to the proper discharge of that employment; (3) the time consumed on the matter in dispute; (4) the professional ability, experience, and reputation of the attorney performing the services; (5) the weight of his responsibility; (6) the measure of success achieved; (7) any reasonable expenses incurred in the representation of a client; and (8) the fee customarily charged in the *Page 381 
locality for similar services. Rosser v. Rosser, 355 So.2d 717
(Ala.Civ.App. 1977). Moreover, the trial court in determining a reasonable attorney's fee may rely on opinion evidence of experts on the subject of fees, and on its own knowledge and experience as to the value of the services performed. Burgessv. Burgess, supra. Likewise, the earning capacity of the parties and the financial circumstances of the husband may also be considered in establishing the amount of money to which an attorney is entitled for his services. Gamble v. Gamble,53 Ala. App. 168, 298 So.2d 254 (Ala.Civ.App. 1974).
After a careful examination of the record before us, we find that there were three attorneys who assisted in the preparation of wife's case. Between the three of them, over one hundred twenty-four hours were spent on pleadings, motions, depositions, and conferences. In addition, experts had to be hired, there were court costs of $1,100, three days were spent in trial, and there was a large estate involved. One of the attorneys has been practicing law for over twenty-six years, and is a past president of the Birmingham Bar Association. All three of wife's counsel were highly respected members of the Alabama Bar, were qualified to represent her interests, and were fully aware of their responsibilities. Moreover, there was expert testimony that the reasonable value of services rendered by wife's lawyers would be between $15,000 and $50,000. These facts, when viewed in conjunction with the trial court's experience and knowledge as to a reasonable attorney's fee, lead us to the conclusion that there is no abuse of discretion in the trial court's award.
Therefore, having found no error in either the award of alimony or attorney's fees, we affirm the trial court's decree.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.