HOLMES, Judge.
This is a divorce case.
The parties to this appeal were divorced in April 1982. The wife was awarded custody of the two minor children and the husband was required to pay child support. The marital homeplace was ordered sold and the proceeds divided.
Approximately one year later, the husband petitioned for modification of the decree to gain custody of the children. The husband also filed a petition for rule nisi against the wife for failure to convey certain realty. The wife answered and cross-petitioned for an increase in child support and to compel the husband to sell the marital homeplace as required by the original decree.
After many pleadings and much discovery, the husband dismissed his petition, and the parties entered into an agreement which was incorporated into a decree of modification. Pursuant to the agreement the trial court was to set attorney’s fees, if any, to be awarded the wife. The husband denied any responsibility for the wife’s attorney’s fees. The trial court awarded the wife $12,000 for her attorney of record. The husband, through able and distinguished counsel, now appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in the awarding of attorney’s fees.
We see no need to detail the evidence. Such a recital would benefit neither the parties nor the law. The awarding of attorney’s fees in modification proceedings rests in the sound discretion of the trial court and its judgment will not be reversed except for an abuse of that discretion. Lochridge v. Lochridge, 448 So.2d 378 (Ala.Civ.App.1984); Peterson v. Peterson, 403 So.2d 236 (Ala.Civ.App.), cert. denied, 403 So.2d 239 (Ala.1981).
“In arriving at the value of legal services performed in a divorce action, the trial court may properly consider the following: (1) the nature and value of the subject matter of employment; (2) the learning, skill, and labor necessary to the proper discharge of that employment; (3) the time consumed on the matter in dispute; (4) the professional ability, experience, and reputation of the attorney performing the services; (5) the weight of his responsibility; (6) the measure of success achieved; (7) any reasonable expenses incurred in the representation of a client; and (8) the fee customarily charged in the locality for similar services. Moreover, the trial court in determining a reasonable attorney’s fee may rely on opinion evidence of experts on the subject of fees, and its own knowledge and experience as to the value of the services performed. Likewise, the earning capacity of the parties and the financial circumstances of the husband may also be considered in establishing the amount of money to which an attorney is entitled for his services.”
Lochridge, at 380 (Citations omitted).
In the ease at bar, there was much evidence on this matter. Briefly, there was *181 evidence that the husband had assets in the neighborhood of $1,100,000 and a monthly income of $4,446. There was expert testimony on the value of the legal services performed for the wife. One expert testified that $18,500 would be a reasonable fee considering all the facts and circumstances.
Given the above, we cannot say the trial court abused its discretion in awarding $12,000 to the wife for attorney’s fees. To do so would be to substitute our judgment for that of the trial court. This we cannot do. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App.1980).
While it is true that most of the issues raised on modification proceedings were settled by agreement, nevertheless, the decree was modified; child support and custody were involved as well as ongoing representation stemming from the original divorce proceedings. Clearly, an award of attorney’s fees was properly within the sound judicial discretion of the trial court. Jernigan v. Jernigan, 335 So.2d 178 (Ala.Civ.App.1976).
The husband also contends in brief that the award of attorney’s fees is a violation of due process and constitutional rights. We find no merit in this contention. See Jernigan v. Jernigan, 335 So.2d 178 (Ala.Civ.App.1976). Furthermore, this issue does not appear to have been raised at trial below. Liles v. Liles, 380 So.2d 908 (Ala.Civ.App.1980).
The wife has requested an attorney’s fee for representation on appeal. A fee of $1,000 is hereby awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.