This appeal is from a judgment based on an original claim for breach of contract, resulting in a jury verdict for Plaintiff/Appellee Byco Plastics, Inc., in the sum of $8,036.54 against Boatwright-Littrell Constructors, Inc.,[1] and Brindley Construction Company. Additionally, the jury returned a verdict of $2,500 on a fraud count (added by amendment) against both corporate Defendants. Following a denial of post-judgment motions, Brindley appeals. We affirm conditionally.
 FACTS
In the spring of 1981, Brindley entered into subcontractual agreements with Boatwright-Littrell for the construction of several apartment complexes. Cabinet tops for two of the complexes were purchased by Boatwright-Littrell from Byco.
Because of the insolvency of Boatwright-Littrell, a trust account was established in July 1981, whereby monies owed by Brindley to Boatwright-Littrell were deposited in a trust account to be disbursed to Boatwright-Littrell's creditors. Byco was not a party to the agreement and was not made aware of the agreement until later.
In November 1981, Boatwright-Littrell owed Byco $7,572.93 and Byco refused to deliver more counter tops until payment was received. Byco claimed that a $3,000 payment was received as the result of a telephone conversation between Mr. Tapscott of Byco and Mr. Brindley of Brindley Construction. Also, Tapscott claimed that Brindley said he would see that Byco received the money owed it, and that, in the future, Brindley wanted to receive copies of the invoices Byco sent to Boatwright-Littrell. Byco subsequently sent a copy of each invoice to Brindley.
Ricky White, an accountant for Brindley, testified that on November 5, 1981, Fred *Page 271 
Littrell of Boatwright-Littrell called him and said that his company needed some materials for cabinets, that the company account for Byco was past due, and that Byco would not release the materials without payment. White also said that as of November 5 neither he, nor anyone else at Brindley, knew that Boatwright-Littrell was purchasing its cabinet tops from Byco and that its account was past due.
White later contacted Tapscott at Byco and asked him if his company would release the materials to Boatwright-Littrell upon payment of $3,000. Byco consented to the payment, which was later authorized by White.
Byco filed suit against Fred Littrell, individually, Boatwright-Littrell Constructors, Inc., Brindley Construction Company, and Robert Brindley, individually, alleging that the Defendants owed Byco $7,936.85 due by open account and for goods sold and delivered to the Defendants. By amendment, Byco claimed fraud against each Defendant.
At the close of Plaintiff's case, the trial court granted Fred Littrell's motion for a directed verdict. The jury then resolved the claims for open account, for goods sold and delivered, and for fraud against both corporate Defendants and in favor of the individual Defendant Robert Brindley.
 ISSUES
The ultimate question presented is whether the alleged agreement by Brindley Construction to pay Byco for the cabinet tops, not being in writing, is unenforceable as violative of the Statute of Frauds. In determining that issue, we must decide whether the evidence supports a finding that either (1) both Brindley and Boatwright-Littrell were initially liable for the debt incurred to Byco; or (2) whether a new consideration passed to Brindley from Byco. The parties agree that either situation would remove the obligation from the purview of the statute of frauds, thus validating the jury verdict of enforceability.
 DECISION
The evidence of record is uncontradicted that the alleged agreement to pay the indebtedness to Byco was oral. Code 1975, § 8-9-2, states that every promise to answer for the debt of another is void unless in writing and signed by the party to be charged. To this rule, however, there are "exceptions."[2]
 "`A party may make a valid oral contract, which operates to create a new debt of his own, if founded on a new and independent consideration, though the effect of the payment is to pay another's debt. In order, however, to have this effect, the essence of the new undertaking must be the payment of the promisor's own debt, by paying the debt of a third person.'" Herrington v. Central Soya Co., 420 So.2d 1, 3 (Ala. 1982), citing Clark Wadsworth v. Jones, 85 Ala. 127, 130 [4 So. 771] (1887).
This distinction between "original" and "collateral," focusing on the nature of the promise made, is addressed inLankford v. Rucker, 396 So.2d 105, 108 (Ala.Civ.App. 1981), quoting from Toles v. Cook Sons Lumber Co., Inc.,370 So.2d 1047, 1049 (Ala.Civ.App. 1979):
 "`In order to determine whether a promise is collateral, and thus within the statute of frauds, or original and not within the statute, a determination must be made as to whom the credit is actually given. If the credit is given solely to the promisor, although the goods are delivered to another, then the promise is original and not one of guaranty and not within the Statute of Frauds.'" (Emphasis in Lankford.)
Lankford continues: "If such credit is extendedsimultaneously to both the promisor and the debtor, then the promisor's promise may also be deemed an `original' promise." *Page 272 
In Riteway Machine Manufacturing Co. v. First National Bankof Tuscumbia, 374 So.2d 1361 (Ala. 1979), the plaintiff repaired the debtor's sawmill equipment after the defendant bank assured plaintiff that the repair bill would be paid by the bank. This Court reversed the order granting a directed verdict for the defendant bank, stating that the determinative issue was to whom the promisee extended the credit.
 "If the promisee extended credit to the promisor, then the promisor is not being asked to answer for the debt of another, and it is immaterial that the goods were delivered to . . . someone other than the promisor. If that be the case, then the requirement that the promise be written is not applicable." 374 So.2d at 1370 (emphasis original).
We are not entirely clear from our examination of the record before us as to the precise details of how the account between Byco and Boatwright-Littrell in November 1981, after being reduced by $3,000 paid by Brindley from the trust account, reached a new balance of $7,936.85 at the time of trial. This much, however, is apparent: The Boatwright-Littrell account of $7,572.93 was reduced to $4,572.93 by the $3,000 payment. Subsequent transactions between Byco and Brindley increased that balance to the amount claimed in the suit, $7,936.85. The evidence supports a finding that the amount of the increase between the original balance after the $3,000 payment, and the total balance of the account at the time of the suit, resulted from the direct dealings between Byco and Brindley. Consequently, this difference of $3,363.93 is the original debt of Brindley, and is unrelated to the payment of a debt ofanother.
On the other hand, we find no evidence to support either of the exceptions to the Statute of Frauds referred to above with respect to the initial obligation between Byco and Boatwright-Littrell. In other words, any claim for the $4,572.92 balance remaining after Brindley's $3,000 payment to Byco is within the Statute of Frauds and is unenforceable.
We find no merit in Appellant's allegation of error with respect to the $2,500 award on the fraud claim. The jury's finding that Brindley's misrepresentation relating to Byco's delivery of the cabinet tops resulted in substantial actual damages is warranted by the evidence. The presumption in favor of the jury award is strengthened by the trial court's denial of a new trial on a "weight of the evidence" ground. CarrollKenworth Truck Sales, Inc. v. Leach, 396 So.2d 1044 (Ala. 1981).
Accordingly, we affirm the judgment below on the condition that the Appellee file with the Clerk of this Court, within fourteen days of the date of this Court's certificate of judgment, a remittitur in the amount of $4,672.61, thereby reducing the total judgment to $5,863.93, plus the legal rate of interest on the sum of $3,363.93 from the last date of delivery of the goods.
AFFIRMED CONDITIONALLY.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] Boatwright-Littrell filed no post-judgment motions and is not a party to this appeal.
[2] The two situations referred to earlier (i.e., original debt and new consideration), in the strictest sense, are notexceptions to the Statute of Frauds. Rather, they are factual situations that do not invoke the operative effect of the rule's proscription.