HOLMES, Judge.
This is a collection suit based upon a contract.
Crescent Credit Corporation (Crescent) filed suit against Dr. Edwin A. Ross and Dr. Gordon L. Spafford for the balance alleged to be due under a written lease-purchase agreement pertaining to a lamp which was used in Dr. Ross’s optometry practice.
Following an ore terms trial, the trial court dismissed the suit against Ross and entered a judgment for Crescent against Spafford in the amount of $3,455.10. The judgment included an award to Crescent of an attorney’s fee of $800.
Spafford appeals. We affirm.
*161 In 1979 Crescent and Ross executed a lease-purchase agreement covering the subject lamp. Subsequently, Ross incurred financial difficulties and fell into arrears in making payments under the agreement.
Apparently, sometime in 1982 Ross and Spafford entered into a written contract, whereby Ross was employed by Spafford to practice optometry in Spafford’s offices. Ross agreed to convey to Spafford “all of his right, title and interest in and to all of the furniture and equipment previously used by him in his practice of optometry.” The contract provided that the transfer of such equipment “shall include the assignment of Ross’ interest in any of said equipment which may have been leased to him.”
The sales price set by the contract for the conveyance to Spafford of the furniture and equipment was $50,000. Spafford agreed to pay the $50,000 by paying $10,-000 to Ross and paying the balance “by the payment of Ross’ creditors.” Spafford apparently began negotiating with Ross’s creditors, including Crescent, for the payment of Ross’s debts.
Crescent’s suit against Spafford is based upon what it claims was Spafford’s agreement to assume Ross’s obligations under the lease-purchase agreement. Spafford contends that he is not liable for Ross’s debt to Crescent because any agreement he made with Crescent to pay that debt is void under the statute of frauds, Ala.Code (1975), § 8-9-2. We disagree.
Section 8-9-2 provides in pertinent part:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
[[Image here]]
“(3) Every special promise to answer for the debt, default or miscarriage of another.”
Under § 8-9-2(8) every promise to answer for the debt of another is void, unless it is in writing and signed by the party to be charged. Brindley Construction Co. v. Byco Plastics, Inc., 456 So.2d 269 (Ala.1984). In other words, if the promisor promises to guarantee payment of a third party’s debt to a promisee, the promisor’s promise cannot thereafter be enforced against him by the promisee unless the promise was reduced to writing. Lankford v. Rucker, 396 So.2d 105 (Ala.Civ.App.1981).
Such a “collateral” promise to pay, however, is distinguished from an “original” promise to pay, which is not within the statute of frauds. Lankford, 396 So.2d at 107-08. Whether a promise to pay is original or collateral depends upon to whom credit is extended by the promisee— to the promisor or to the third-party debtor. If credit is extended solely to the promisor, then the promise is original, not one of guaranty, and it is not within the statute of frauds. Brindley Construction Co., 456 So.2d at 271; Lankford, 396 So.2d at 108. See also Adventure Travel Agency v. Falkenburg, 441 So.2d 928 (Ala.Civ.App.1983). If credit is extended simultaneously to both the promisor and the debtor, then the promise may also be deemed to be an “original” one. Brindley Construction Co., 456 So.2d at 271; Lankford, 396 So.2d at 108.
Applying these rules to the present case, we find that the evidence supports the conclusion that Spafford’s agreement •with Crescent was an original promise to pay under the lease-purchase agreement, rather than a guaranty of Ross’s debt.
George H. Saylor, Crescent’s general manager, testified that he received a telephone call from Spafford, who explained that “he was going to take over [Ross’s] obligations.” Saylor stated that Spafford inquired whether Crescent would settle for fifty percent of Ross’s debt, that Saylor told him it would not do so, and that Spaf-ford then agreed “to settle with me for the full amount.” Saylor’s handwritten notes summarizing the telephone conversation reflect that, though Saylor refused to settle for fifty percent of the debt, he did agree *162 “to accept one payment each month if they could be regular” and that Spafford stated that “they would be.”
Following this telephone conference, Spafford sent Saylor a letter dated November 23, 1982, to confirm their oral agreement. This letter stated:
“Thank you for your conversation early this month. Your cooperation and objective consideration in a very difficult situation is appreciated. We will resume making monthly payments on each of the two payment booklets and would expect to own a larger piece of equipment at the end of the payment schedule and pay $140 for title for the smaller piece of equipment at the end of the payment booklet. If this is our agreement as you understood it, please initial this letter or a copy and return it.
“Thanks again for your consideration and advice on helping Ed Ross.”
Saylor testified that Spafford made the payments under the lease-purchase agreement until February 1984, which was apparently around the time when Ross left Spafford’s employ.
Based upon this evidence, as well as the terms of Spafford’s agreement with Ross, we cannot say that the trial court erred in entering the judgment against Spafford. Under Spafford’s agreement with Ross, the latter conveyed all his interest in the lamp, the subject of the lease-purchase agreement, to Spafford. Thus, any credit or consideration extended by Crescent in agreeing to accept one payment each month on the lease-purchase agreement went to Spafford, not Ross, who no longer had any interest in the lamp.
In view of the above, we find it unnecessary to address Spafford’s contention that his letter to Saylor of November 23, 1982, was not a sufficient written memorandum of his agreement with Saylor to prevent that agreement from being void under the statute of frauds. Because Spafford’s agreement with Saylor was an original promise to pay the debt under the lease-purchase agreement, it was not within the scope of the statute of frauds and did not need to be in writing.
Spafford also contends on appeal that the trial court erred in awarding Crescent an attorney’s fee of $800 without requiring it to present evidence to establish what a reasonable fee would be in this case.
The transcript reveals that Spafford’s counsel requested that the trial court require “testimony on the question as to whether or not a reasonable attorney fee under these circumstances would be that amount of money [$800].” In response, the trial court stated, “I think the Court knows what would be a reasonable attorney’s fee.” No testimony regarding the fee was given.
It is well established that the amount of an attorney’s fee to be awarded to the prevailing party is generally a matter within the sound discretion of the trial court whose determination will not be reversed, absent a showing that it has abused that discretion. Lochridge v. Lochridge, 448 So.2d 378 (Ala.Civ.App.1984); Nolen v. No-len, 398 So.2d 712 (Ala.Civ.App.1981).
In arriving at the amount of an attorney’s fee to be awarded, the trial court may consider several factors, such as the nature and value of the subject matter of the legal services rendered and the time consumed on the matter. See Johnson v. Johnson, 460 So.2d 179 (Ala.Civ.App.1984); Lochridge, 448 So.2d at 380-81.
The trial court may also rely on its own knowledge and experience in determining the value of the legal services performed. Johnson, 460 So.2d at 180; Lochridge, 448 So.2d at 381. Moreover, it may rely on its knowledge and experience in setting the fee without also entertaining evidence of the reasonableness of the fee. Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637 (1964); Wattman v. Wattman, 480 So.2d 594 (Ala. Civ.App.1985); Tidwell v. Tidwell, 379 So.2d 614 (Ala.Civ.App.1980); Cooley v. Cooley, 45 Ala.App. 461, 231 So.2d 915 (Ala.Civ.App.1970).
“[W]hen the trial court has before it the entire record and file of the proceedings *163 of what has transpired in the case, and when it has determined that the circumstances justify an allowance of attorneys’ fees, [it] may, in its judicial discretion, allow such fees without proof of reasonableness, but such award is subject to review on appeal.”
Hodson, 276 Ala. at 232, 160 So.2d at 641 (emphasis added).
We thus can only conclude that the trial court is not to be reversed “merely because there was no proof of reasonableness of the amount awarded as attorneys’ fees.” Hodson, 276 Ala. at 232, 160 So.2d at 641.
Such a conclusion is particularly warranted under the circumstances of this case.
■
The judgment for Crescent was for $3,455.10. Thus, the $800 attorney’s fee was less than one-third of the judgment. Moreover, though Spafford requested the trial court to require evidence of reasonableness of the attorney’s fee, he did not offer any evidence to show its unreasonableness. Under such circumstances, his contention that the award was in error does not require reversal. See Wattman, 480 So.2d at 596.
In this court’s opinion, the better practice would be for the trial court to require testimony or other evidence regarding the reasonableness of an attorney’s fee requested in any case. See Hodson, 276 Ala. at 232, 160 So.2d at 641. Based upon Hodson and its progeny, however, and under the circumstances of this case, we will not reverse the trial court because it did not require evidence of the reasonableness of the attorney’s fee awarded to Crescent.
Spafford also alludes to another issue on appeal regarding the interest charged on the debt, but he cites no authority to this court which supports his contention. The one case Spafford cites in this portion of his brief has nothing whatsoever to do with interest or proof thereof. We, therefore, have no choice but to affirm as to this issue. Henderson v. Alabama A&M University, 483 So.2d 392 (Ala.1986); Rule 28(a)(5), Alabama Rules of Appellate Procedure.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.