L. CHARLES WRIGHT, Retired Appellate Judge.
This is a divorce case.
The parties were married in August 1959. The husband filed for divorce on the grounds that there had been an irretrievable breakdown of the marriage. The wife answered and counterclaimed on the same grounds. At the hearing in July 1987, the husband dismissed his complaint for divorce, and the case proceeded on the wife’s counterclaim.
The trial court issued its decree, which granted the divorce and divided the marital property. The husband appeals.
In his first issue, the husband contends that the trial court erred and abused its discretion in terms of the property division. The husband maintains that the trial court erred when it awarded the wife one-half interest in the certificate of deposit and one-half interest in the Southern Company stock.
It is within the sound discretion of the trial court to divide the marital assets, depending upon the facts and circumstances of each case. Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App.1981). The exercise of that discretion will not be disturbed on appeal unless the trial court’s determination is so unsupported by the evidence as to be a clear and palpable abuse of that discretion. Tate v. Tate, All So.2d 426 (Ala.Civ.App.1985).
From our review of the record, we do not find there to be an abuse of discretion in the division of marital property. The certificate of deposit in the sum of $100,000 was purchased in 1983 in the joint names of the parties. This certificate of deposit was purchased from the proceeds from the sale of the McDonnell-Douglas stock that the husband had earned while working for Douglas Aircraft from 1965 to 1981. The 570 shares of Southern Company stock was purchased from the interest earned on the certificate of deposit. It is the husband’s contention that § 30-2-51, Ala.Code 1975, applies to the proceeds of the certificate of deposit because the stock which was sold to purchase the certificate of deposit was a gift from his employer. We find no basis for his contention. The stock was not a gift, but was earned as an emolument of his employment and was substantially purchased by contribution from his wages. Section 30-2-51 does not apply. Johnson v. Johnson, 414 So.2d 987 (Ala.Civ.App.1982); Farmer v. Farmer, 398 So. 2d 723 (Ala.Civ.App.1981).
*129 In his second issue, the husband contends that the trial court abused its discretion when it awarded the wife an attorney’s fee of $1,500. The husband contends that the trial court erred in awarding such a fee because the wife has the financial ability to pay her own attorney’s fee.
It is within the sound discretion of the trial court to award attorney’s fees and that award will not be disturbed on appeal unless there was an abuse of discretion. Lochridge v. Lochridge, 448 So.2d 378 (Ala.Civ.App.1984). There are several factors set out in Lochridge which the trial court may consider when determining an award of attorney’s fees. These factors include the earning capacity of the parties, the financial circumstances of the husband, and the fee customarily charged in that locality for similar services.
In this case, there was testimony from a local attorney who testified that he handled domestic relations cases, that he had reviewed the file, and that an attorney’s fee between $3,000 and $4,500 would be reasonable. Further, the husband receives military retirement of $870 per month, retirement from McDonnell-Douglas of $273 per month, and social security benefits of approximately $530 per month. The wife is sixty-one years of age and has not been employed outside the home in sixteen or seventeen years. The wife was awarded $350 per month in alimony until such time as she reaches age sixty-two. Upon reaching age sixty-two, she will be entitled to draw full social security benefits. These facts lead us to the conclusion that the trial court did not abuse its discretion in awarding $1,500 in attorney’s fees to the wife.
Having found no error in either the division of marital property or the award of attorney’s fees, we affirm the trial court’s decree.
The wife’s motion for damages for frivolous appeal is denied. The wife’s request for attorney’s fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.