83 So.2d 424

### R. J. BREWSTER
v.
### Leona BREWSTER.
7 Div. 281.

Supreme Court of Alabama.

Nov. 3, 1955.

Rehearing Denied Nov. 28, 1955.

1. Ante, p. 657.

Roy D. McCord and Rowan S. Bone, Gadsden, for appellant.

Roberts & Odom, Gadsden, for appellee.

SIMPSON, Justice.

This is an appeal by the respondent husband from a decree of the circuit court, in equity, of Etowah county granting his wife a divorce on the ground of cruelty and awarding her alimony.

Appellant seems to make some contention that there is some error because after the court sustained his demurrer to the bill of complaint, the bill was not "refiled" after it was amended. The contention is manifestly untenable. All amendments to a bill of complaint relate back to and become a part of the original bill as though the amendment had been incorporated in the bill when it was first filed. Equity. Rules, rule 28(f), Code 1940, Tit. 7 Appendix.

The main argument advanced for a reversal is that the evidence is insufficient to sustain the decree of divorce and the granting of alimony. The divorce was granted on the ground of actual violence upon the person of appellee and from aught appearing the trial court considered only competent evidence in making up its decision. In our view there was sufficient evidence to support the decree both as to the divorce and alimony.

The court could in its discretion, of course, award a half interest in the realty by way of alimony. O'Bannon v. O'Bannon, 257 Ala. 246, 58 So.2d 779, and cases cited.

Appellant also assigns as error the overruling of what is styled a "Motion to Set Aside Decree." This in effect was a motion or application for a rehearing and the ruling of the trial court overruling it was not subject to review by assignment of error. Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.