113 So.2d 684

Sid WALLACE

v.

Velma WALLACE.

6 Div. 102.

Supreme Court of Alabama.

July 2, 1959.

Tweedy & Beech and Curtis, Maddox & McLaurin, Jasper, for appellant.

Elliott & Jackson, Jasper, for appellee.

COLEMAN, Justice.

The wife filed bill for divorce on the ground of cruelty, and later amended the bill ·by adding an- averment that she had lived separate and apart from the bed and

board of the husband for two years and without support from him for two years next preceding the filing of the bill of complaint and that she had bona fide resided in this State during said period. Title 34, § 22, Code 1940.

■ Appellant's demurrer to the bill of complaint as thus amended was overruled. This ruling is assigned as error, but the assignment is not argued in brief and, therefore, is waived. Rule 9, Revised Rules of Practice in the Supreme Court, 261 Ala. XXII, XXIII; Code 1940, Title 7, 1955 Pocket Parts, page 222.

Appellant filed answer to the amended bill and the trial court, after hearing testimony ore tenus, rendered a final decree granting divorce on the ground that the wife had lived separate and apart as provided by Title 34, § 22. No alimony was awarded. The husband has appealed from the final decree.

The first error insisted on is the action of the trial court in refusing to allow appellant to file an additional demurrer on the day set for taking testimony. With respect to this action, the record discloses that appellee stated in open court a "wish" to delete certain parts of the complaint. Appellant stated: "We are filing demurrer to the bill of complaint as last amended. I think the amendment and the demurrer should be written out." After a further colloquy, appellee announced: "I am going to withdraw my amendment, if it is permissible." Appellant then insisted on a right to demur after the amendment was thus "withdrawn." The trial court denied that right.

■ No such amendment as that referred to in the conversation is found in the record. "Equity Rules contemplate written pleadings." Lindsey v. Reeves, 251 Ala. 400, 403, 37 So.2d 501, 504. There was no amendment as contemplated by Equity Rule 28, Code 1940, Tit. 7 Appendix and the trial court did not err in refusing to allow appellant to file an additional demurrer.

■ Appellant next insists that the evidence failed to sustain the allegation that the wife had lived separate and apart and without support from the husband as required by Title 34, § 22.

It appears without question that the wife had lived separate and apart from the husband for two years next preceding the filing of the bill of complaint. That the wife had received no support from the husband during that two years also appears to be undisputed except in one particular. That particular concerns certain household furniture, i. e., refrigerator, stove, washing machine, water heater, and other furniture. Appellant insists that the evidence is clear to the effect that within two years before this suit was commenced, appellant gave and delivered the furniture to the wife, that she used it to furnish a house from which she derived rent, and that the rent received by the wife was increased because the house was furnished with the above-mentioned items. Therefore, argues appellant, the wife did receive support from the husband during the two years and the statutory ground was not established.

We do not agree that the evidence supports appellant's insistence. The wife admits that she did not take possession of the furniture until approximately one year after the separation, but she testified clearly and unequivocally that the furniture had been given to her by the husband one year or more before the separation. The husband testified to the contrary and insisted that he gave these items to the wife at the time she took possession of them and within the two-year period. The conflicting testimony presented an issue of fact which the trial court resolved against appellant.

■ The rule is that when the chancellor sees and hears the witnesses testify, the findings of the trial court which determine questions of fact will not be disturbed on appeal unless palpably wrong. Christian v. Reed, 265 Ala. 533, 538, 92 So.2d 881; Ala.Dig., Appeal & Error, ☞1009(1). We do not find that the decree is unsupported

by the evidence, is contrary to the overwhelming preponderance of the evidence, or is so palpably wrong as to require this court to reverse. There is no merit in the assignments of error which rest on the proposition that the proof fails to sustain the allegation that the wife had lived separate and apart and without support from the husband for the statutory period.

█ Appellant has assigned as error the action of the trial court in overruling appellant's motion for a new trial.

" * * * This in effect was a motion or application for a rehearing and the ruling of the trial court overruling it was not subject to review by ass'gnment of error. Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422." Brewster v. Brewster, 263 Ala. 663, 664, 83 So.2d 424. The decree appealed from is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and MERRILL, JJ., concur.