119 So.2d 223

**L. A. TATUM**

v.

**W. T. CATER.**

**I Div. 843.**

Supreme Court of Alabama.

March 10, 1960.

Rehearing Denied April 7, 1960.

446

B. E. Jones & R. L. Jones, Evergreen, for appellee.

John D. Bonham and N. S. Hare, Monroeville, for appellant.

SIMPSON, Justice.

Appellant filed a bill in equity seeking an accounting from appellee and the return of monies which appellant contended had been overpaid by him in connection with debts which he owed appellee. Respondent (appellee) filed answer and a plea of settlement or accord and satisfaction and evidence was taken ore tenus by the court on that plea. From a final decree denying

relief and dismissing the bill, the complainant brings this appeal.

The case arises out of the following facts: During the period from November, 1951 through December, 1955, appellant borrowed various sums of money from the appellee and gave appellee various mortgages on real estate as security for these advances. The evidence shows that appellant, in 1951 was heavily indebted to certain banks and applied to appellee for loans for the purpose of paying off these indebtednesses. In that year appellee advanced appellant $11,500 cash at one time and at a subsequent time advanced him $1,270.92. This was the first of a series of transactions which continued until February, 1955 when appellant was indebted to appellee in a sum exceeding $21,000. At that time appellee held various mortgages on all of appellant's real estate and mortgages on certain of his personal property. In that month, February, 1955, appellee was paid $15,120 by appellant on the indebtednesses. Some of the mortgages were then cancelled by appellee. An additional mortgage was executed by appellant to appellee at that time to secure a balance due on the indebtedness of $6,142.

On December 9, 1955, appellant secured a loan from one A. B. Finklea of $4,751.53 to pay all indebtedness which remained owing to appellee. The parties met together and appellant gave to appellee a check for $4,651.96 for this purpose. Subsequently, appellee returned by check $738 which the evidence shows was paid by appellant due to a mistake in addition. All mortgages held by appellee on appellant's property were cancelled. At the time appellant borrowed the money from Finklea to pay off the appellee, he stated, according to the evidence, that he was not satisfied with the settlement but that it was the best he could do.

An accord is defined as:

"An agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is claiming or entitled." Tit. 9, § 1, Code of Alabama of 1940.

"Acceptance of the consideration of an accord extinguishes the obligation, and is called satisfaction." Tit. 9, § 3, Code of Alabama of 1940.

The trial court found in this case that there was a dispute between the parties as to the amount due on the indebtedness. They got together and agreed upon an amount to be paid which would extinguish all obligations. This was undoubtedly a settlement between the parties—an accord and satisfaction. As was pointed out in Arnold & Co. v. Gibson, 216 Ala. 314, 113 So. 25, 27;

"The general rule established by the decisions is:

" 'Where a claim is not a money demand, or, if so, is unliquidated, or if liquidated, there is a bona fide dispute as to the sum actually due, or a bona fide doubt or controversy as to whether anything is due, then an accord and satisfaction may be established and held binding, though there is a payment of a less sum than on actual computation might be found due to the creditor.' * * * Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662; Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78; Brown v. Lowndes Co., 201 Ala. 437, 78 So. 815."

Or, stated another way, an accord and satisfaction is the adjustment of a disagreement as to what is due from one party to another, and the payment of the amount so agreed upon. Harrison v. Henderson, 67 Kan. 194, 72 P. 875, 62 L.R.A. 760, 100 Am.St.Rep. 386.

The trial court found that the parties had agreed upon a figure and that the transactions between them were settled in the final transaction of December 9, 1955. There was then no need to order an accounting.

This action of the lower court was consonant with well-settled principles of law.

"The law favors the amicable settlement of controversies, and it is the duty of courts rather to encourage than to discourage parties in resorting to compromise as a mode of adjusting conflicting claims. The nature or extent of the rights of each should not be too nicely scrutinized. Courts should, and do, so far as they can do so legally and properly, support agreements which have for their object the amicable settlement of doubtful rights by parties; * * *. Because they promote peace, voluntary settlements of differences between parties having legal capacity to contract in respect of their rights, where all have the same knowledge or means of obtaining knowledge concerning the circumstances involving their rights and where there are no fraud, misrepresentations, concealments, or other misleading incidents, must stand and be enforced if intended by the parties to be final, notwithstanding the settlement made might not be that which the court would have decreed if the controversy had been brought before it for decision. Such agreements are binding without regard to which party gets the best of the bargain or whether all the gain is in fact on one side and all the sacrifice on the other." 11 Am.Jur., Compromise and Settlement, § 4.

 The trial court had the opportunity to observe the witnesses. He found that there was a settlement of all indebtednesses on December 9, 1955, and that "there was no fraud, misrepresentation, undue influence or wrongdoing on the part of either of the parties. The settlement was made between them, has been carried out, and all matters closed." His findings of fact will not be disturbed unless palpably erroneous or against the great weight of the evidence, which is not made to appear in this case. Penny v. Penny, 247 Ala. 434, 24 So.2d 912; Wallace v. Wallace, 269 Ala. 438, 113 So.2d 684.

It was not error to refuse to admit into evidence the statement of account prepared by respondent's attorney which was declared incorrect and which did not contain the original entries of the transactions in question. First National Bank of Talladega v. Chaffin, 118 Ala. 246, 24 So. 80; Boutwell v. Spurlin Mercantile Co., 203 Ala. 482, 83 So. 481.

The decree is therefore affirmed.

Affirmed.

STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.