160 So.2d 637

**Earl M. HODSON, Jr.**

v.

**Beatrice C. HODSON.**

5 Div. 774.

Supreme Court of Alabama.

Feb. 6, 1964.

J. Sydney Cook, Jr., Auburn, and Wm. C. Irby, Opelika, for appellee.

James Noel Baker, Opelika, for appellant.

MERRILL, Justice.

Appeal from a final decree of divorce on the ground of cruelty in favor of the wife, which awarded custody of a minor child to appellee, awarded the sum of $100 per month for support and maintenance of the child, awarded appellee a one-half interest in the real property owned by appellant as alimony in gross, and awarded an attorney's fee of $200 to appellee.

Appellant's assignments of error raise the points that the evidence did not support the charge of cruelty, that an attorney's fee could not have been awarded in the absence of any proof of a reasonable attorney's fee, and that certain statements of the trial court included in the decree should be expunged.

Appellant and appellee were married in 1939, and had four children. The three older children had either reached their majority or were married when the final separation took place in October, 1962. The parties had separated several times during their married life. In 1943, appellee had charged appellant with assault and battery and he had been fined $10.00.

Their son Jerry had married in January, 1960, and appellant had refused to see his son or daughter-in-law since the marriage.

On January 27, 1962, Jerry sent some flowers to his mother on her birthday. Appellant ordered appellee to throw the flowers out of the house and when she refused, he threw them out of the house. He picked up a picture of the son's baby, "stomped it on the floor" and tore the picture into small pieces. Appellee and one of their married daughters tried to keep him from destroying the picture and "he was fighting us both just like a tiger at that time and hit both of us and knocked me back across the foot of the bed."

On October 28, 1962, the date of the final separation, appellee was standing at the kitchen sink cleaning dishes. Appellee testified that appellant "grabbed me from the back and ordered me to get out. I said I was not getting out of the house and he said, 'I ought to kill you.' * * * That's the threat he made and he would have done so if I hadn't gotten out of that house. I believe that."

Appellant explained this incident by saying that he lost his temper and "I feel like I grabbed a hold of her to maybe possibly turn her around to attract her attention to pay attention to what I was trying to explain to her. But physical, physical harm I do not think so."

Their daughter testified that she had seen her father strike her mother with his hands and that she was present during the difficulties in the kitchen on October 28, 1962.

■ The evidence outlined was sufficient to support the decree of the court granting the divorce on the ground of cruelty. McMahon v. McMahon, 272 Ala. 653, 133 So. 2d 374; Williams v. Williams, 239 Ala. 162, 194 So. 507.

Appellant insists that the court erred in awarding $200 as attorney's fee when there was no proof that the fee was reasonable, this being in conflict with the holding in Jeter v. Jeter, 36 Ala. 391[7]. In the Jeter case, the decree was in favor of the wife on account of her husband's adultery and the decree granted her $20,000 in gross for permanent alimony, $500 alimony pendente lite and a specific sum to each of two law firms employed by appellee to represent her, totaling $1,000 as attorneys' fees. The counsel fees were allowed without any proof of reasonableness of the amount before the register. The court, after approving all the allowances except attorneys' fees, even though there was no proof of reasonableness of any of them, apparently agreed with the following statement of Walker, C. J.:

"The allowance of a solicitor's fee stands upon a different footing. That

must be restricted to the actual reasonable value of the services rendered, or to be rendered. The chancellor, therefore, erred in allowing the fees of the wife's solicitors, *without proof as to their proper amount, and without an inquiry through the register.* The chancellor did not have before him the facts necessary to enable him to determine the amount of the fees." (Emphasis supplied.)

We have decided that the second part of the emphasized sentence is not now the law. Prior to 1915, and in 1860, when the Jeter case was decided, equity matters were handled exclusively by chancellors, Secs. 601–615, Code 1852; and it was customary for the chancellors to refer many questions to the register for the holding of a reference. Then, as now, the register was not required to be learned in the law, and whenever the question of attorneys' fees was referred to the register, the amount of attorneys' fees necessarily had to be supported by evidence of reasonableness.

The Judicial Act of 1915 abolished the office of chancellor and conferred all the powers and authority of chancellors on circuit judges. (See § 6464, Code 1923.)

In Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591, we held that the "court has the inherent power to hear evidence in all proceedings in the equity court. Often matters, not involving the principal equities involved, are referred to the register for a reference but this is for the convenience of the court and in order to facilitate the progress of the cause but not because the court has no right to hear the evidence." Equity Rule 56 also confers this right on the equity court. It is obvious that the requirement in Jeter that the matter of attorneys' fees must be referred to the register for reference is no longer the law.

The Jeter case has been cited many times by this court and by courts of other states, but the requirement of proof of reasonableness of attorneys' fees has not been followed by this court and has only been adverted to in two cases in over one hundred years. The first mention was in Sweat v. Sweat, 123 Ga. 801, 51 S.E. 716, where the only contention was that counsel fees had been erroneously allowed because there was no evidence before the court of the value of counsels' services. The Supreme Court of Georgia cited cases from other jurisdictions allowing the court to determine a reasonable fee "from its own experience and from the facts and circumstances of the case," and the court mentioned that a "different conclusion seems, however, to have been reached in Jeter v. Jeter, 36 Ala. 391(7)." The court then said:

"The judges of the superior courts of this state are experienced and able lawyers. Before coming to the bench they were for years engaged in the practice. Doubtless most, if not all, of them participated in the trial of alimony cases. It would be strange if practicing lawyers were more capable of fixing counsel fees than the judges. Besides, as shown above, it has been expressly decided that the judge is not bound by the estimate placed by attorneys upon the services of their brother attorney in the particular case. Why require such evidence, if the judge can disregard it? The Code requires that he shall examine into all the circumstances of the case. This would include the financial condition of the husband, the social position of the parties and their previous manner of living, and the needs of the wife. Evidence of these facts affords a sufficient basis for fixing an allowance for temporary alimony, which includes the expenses of litigation. We think that, under the language of the section of the Code above quoted, the judge is not bound to hear expert evidence as to counsel fees. * * * Certainly it was not an abuse of discretion to allow $75 as attorney's fees. The judge could well decide, without the aid of expert testimony, that the services of the plaintiff's attorneys were worth at least the sum which he allowed them."

Similar expressions are found in our cases, King v. Keith, 257 Ala. 463, 60 So.2d 47, and Ingalls v. Hare, 266 Ala. 221, 96 So.2d 266, although they are not divorce cases.

The second time the requirement of proof of reasonableness of the fee is mentioned is in our case of Ex parte Taylor, 251 Ala. 387, 37 So.2d 656, where it was also argued that there was no proof of the reasonableness of the attorney's fee allowed by the court. This court held that the fee should be allowed, saying, "* * * It is enough to note that as to the pending case the trial court had before it the entire record and file of the proceedings which had there transpired to final determination on its merits and of which he took judicial notice." Here, as in Ex parte Taylor, supra, the court making the award of alimony and attorney's fees heard the witnesses and had the entire file of proceedings before him.

■ Our statutes do not specifically provide for the allowance of attorneys' fees, but they are usually allowed as expense money on like principles as alimony pendente lite. Ex parte Tranum, 255 Ala. 143, 50 So.2d 447; Penn v. Penn, 246 Ala. 104, 19 So.2d 353; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Ex parte King, 27 Ala. 387, Ex parte Smith, 34 Ala. 455. The allowance for a solicitor's fee is but an integral part of the allowance for maintenance. Torme v. Torme, 251 Ala. 521, 38 So.2d 497.

■ Attorneys for appellee are entitled to a reasonable fee for their services commensurate with their labor and skill involved, the results of the litigation, and the earning capacity of the parties. Such allowance rests in the sound judicial discretion of the trial court, which we are not willing to say was abused by the trial court in the award of $200. King v. King, 269 Ala. 468, 114 So.2d 145; Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700.

The trial court allowed an attorney's fee of $150 in King v. King, supra, and Butler v. Butler, 274 Ala. 352, 148 So.2d 638; and $250 in Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205. The original records in these cases reveal no proof of the reasonableness of the fees allowed but we affirmed in each instance. The lack of proof of reasonableness of the fees was not raised in those cases. In the Butler case, supra, the complainant, in her bill, asked for $100 for an attorney's fee but without any proof of reasonableness, the trial court allowed $150 and we held that there was no abuse of discretion in the allowance made.

Title 34, § 32, provides:

"If the divorce is in favor of the wife for the misconduct of the husband, the judge trying the case shall have the right to make an allowance to the wife out of the husband's estate, or not make her an allowance as the circumstances of the case may justify, and if an allowance is made it must be as liberal as the estate of the husband will permit, regard being had to the condition of his family and to all the circumstances of the case."

This statute remained the same from the Code of 1852 to the 1923 Code, but was amended in 1933 and this court, in Sharp v. Sharp, 230 Ala. 539, 161 So. 709 (1935), said in discussing the allowance which included contested attorneys' fees:

"By the terms of the amendatory act, it was the duty of the trial judge to determine in the first instance whether or not the circumstances of the case justified decreeing an allowance to the wife out of the estate of the husband, and the trial judge determined, and so decreed, that the circumstances did justify such an allowance, and, accordingly, proceeded to fix the amount.

"In decreeing and fixing the amount of alimony, whatever discretion is given the court 'is judicial, not arbitrary,' and is subject to review on appeal. * * *"

This court has allowed fees to attorneys in divorce cases on appeal to this court without any proof of the reasonableness of the amount, and we have reduced, raised and

affirmed the amounts allowed by the trial courts. Phillips v. Phillips, 221 Ala. 455, 129 So. 3; Sharp v. Sharp, 230 Ala. 539, 161 So. 709; Cronin v. Cronin, 245 Ala. 309, 16 So.2d 714; 8 Ala.Dig., Divorce, Key 227(2). We have also approved fees allowed by trial courts for appeals to this court without any proof of the reasonableness of the amount, Ex parte Taylor, 251 Ala. 387, 37 So.2d 656; or directed them to allow a fee for prosecuting an appeal to this court. Torme v. Torme, 251 Ala. 521, 38 So.2d 497.

We hold that when the trial court has before it the entire record and file of the proceedings of what has transpired in the case, and when it has determined that the circumstances justify an allowance of attorneys' fees, that court may, in its judicial discretion, allow such fees without proof of reasonableness, but such award is subject to review on appeal.

We are not to be understood as intimating that proof of reasonableness is abolished. It is the right of either or both parties to present such proof, and it is the right of the trial court to call upon the parties to furnish such proof if he considers it necessary. But we will not reverse a decree merely because there was no proof of reasonableness of the amount awarded as attorneys' fees.

The holding in the Jeter case stating that solicitors' fees in a divorce case cannot be allowed, "without proof as to their proper amount, and without an inquiry through the register" is overruled.

Appellant's final contention refers to certain statements of the trial court in which he gave reasons for his belief of one witness rather than another when their testimony was in conflict. Neither of the witnesses were parties. We do not answer this contention because it was not timely made the subject of an assignment of error. A request to make additional assignments of error was denied by this court.

Appellee has cross-assigned errors that the court erred in failing to award appellee a monthly sum of money as alimony and in failing to award her the homestead. The trial court could, in its discretion, award a half interest in the realty by way of permanent alimony. Brewster v. Brewster, 263 Ala. 663, 83 So.2d 424; O'Bannon v. O'Bannon, 257 Ala. 246, 58 So. 2d 779.

There is no objection to making an allowance of permanent alimony in gross, and upon a consideration of all the circumstances in the instant case, we are unwilling to disturb the holding of the trial court. Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700; Phillips v. Phillips, 221 Ala. 455, 129 So. 3.

Affirmed.

All the Justices concur.