This is an alimony modification case.
Pursuant to a provision in the divorce decree, the wife petitioned the trial court to fix the amount of alimony payments. After an ore tenus hearing, the trial court ordered the husband to pay the wife $350 per month as alimony. Upon motion by the husband and after an ore tenus hearing, the trial court subsequently reduced the amount to $200 per month. The husband appeals and this court affirms.
The parties to this action were divorced in 1979. The divorce decree, which was entered pursuant to an agreement between the parties, did not provide for the immediate payment of alimony. It did provide, however, the following:
 6. That after the children finish college in the event the parties are unable to agree on a proper amount of alimony for the Plaintiff then a Reference shall be held at the request of either party to fix a proper amount of alimony to be paid by the Defendant to the Plaintiff.
In April, 1981, the wife instituted a proceeding against the husband seeking to hold him in contempt for failure to abide by certain provisions of the decree that are not pertinent to the issues presently before this court. The husband answered by denying that he was in contempt of the decree and filed a cross-motion seeking to hold the wife in contempt.
At some point after these motions were filed a hearing was held. During this hearing the wife apparently made an oral motion to fix alimony. The husband answered that the wife was not entitled to receive alimony and, furthermore, that he had agreed to the provision of the divorce decree providing for alimony only because he had been led by the wife's attorney to believe that alimony payments were mandatory. The husband was unrepresented during the divorce proceeding.
On August 26, 1981, a hearing was held. Both parties were represented at the hearing. After the hearing the trial court entered an order requiring the husband to pay *Page 268 
the wife $350 per month as alimony. The trial court also awarded the wife's attorney $150 as an attorney's fee.
Subsequent to the August 26 order, the husband filed a motion for j.n.o.v. or in the alternative for a new trial. As grounds for such motion the husband asserted generally that he had been misled by the wife's attorney to believe that alimony payments were mandatory. The husband later amended his motion to state that he had had to resign his job with the Postal Service due to medical problems.
The trial court, after considering the amended motion along with arguments of counsel, chose to treat the motion as a motion to modify. A hearing on the motion to modify was held on December 16, 1981. After the hearing the trial court reduced the monthly alimony payments to $200 per month. The trial court again awarded the wife's attorney $150 as an attorney's fee. This appeal followed.
A lengthy review of the facts of this case is not necessary. Suffice it to say that the parties in this case are middle aged and were divorced after twenty-four years of marriage. Two children were born of this marriage, both of whom are now adults.
At the time of the August 26 hearing, both of the parties were employed. The wife was employed with the United States Army Corps of Engineers as a clerk-stenographer. Her gross annual salary was $12,423. Her net monthly pay was $719. Since the divorce the wife has enrolled in college and is pursuing a degree in personnel management. The wife has also borrowed money to purchase the husband's equity in the marital home.
Until October, 1981, the husband was employed with the United States Postal Service. He also had spent in excess of twenty years in the Air Force and, consequently, received military retirement pay. His total income from both of these sources for the year 1980 was in excess of $30,000. In October, 1981, the husband quit his Postal Service job for medical reasons. The husband's sole source of income at present is his military retirement pay. The husband nets approximately $820 per month from that source.
On appeal the husband raises three issues. The husband first contends that the trial court did not have jurisdiction to enter an award of periodic alimony. The husband next contends that if the court had jurisdiction to enter an award of periodic alimony, the court abused its discretion in requiring the husband to pay periodic alimony and also in awarding an attorney's fee. The husband finally contends that the court erred in refusing to allow him to testify as to what transpired in the wife's attorney's office when the provisions of the divorce decree were agreed upon. Finding no merit in any of these contentions, this court affirms.
Regarding the first issue, the husband apparently contends that because no periodic alimony was awarded at the time of the divorce, the trial court thereby lost jurisdiction to award periodic alimony at a later time. The law in Alabama is that if a judgment of divorce is entered without a grant of alimony, the power to grant is lost unless the trial court reserves the right for future consideration. Parker v. Parker, 392 So.2d 229
(Ala.Civ.App. 1980); Murphree v. Murphree, 366 So.2d 1132
(Ala.Civ.App. 1979). The provision of the divorce decree quoted above reveals that the trial court reserved the right to award periodic alimony at a later time. Since the trial court reserved this right it had jurisdiction to make an award of periodic alimony at a later date.
This court also holds that the trial court did not abuse its discretion in making an award of periodic alimony. The factors to be considered by the trial court in awarding periodic alimony have been stated on numerous occasions. E.g., Wikle v. Wikle,390 So.2d 297 (Ala.Civ.App. 1980); Reynolds v. Reynolds,376 So.2d 732 (Ala.Civ.App. 1979). Among the factors to be considered are the financial circumstances of the parties, their future prospects, their standard of living during the marriage and the length of the marriage. *Page 269 
The record reveals that as of December, 1981, the incomes of the husband and wife were roughly equivalent with the husband receiving a net monthly income of approximately $820 and the wife receiving a net monthly income of approximately $719. From his income the husband must meet his everyday living expenses as well as maintain his life insurance program for the benefit of the wife. The husband apparently has no other major expenses. The wife, on the other hand, must pay $220 per month on a debt incurred by her to purchase the husband's equity in the home. Additionally, the wife is attending college and must pay the expenses concomitant with attending college. The foregoing expenses are, of course, in addition to her everyday living expenses. We also note that for a number of years prior to the divorce the husband was receiving a salary from the Postal Service in addition to his military retirement. The husband's total income for 1980 from both of these sources was in excess of $30,000. Considering the present financial circumstances of the parties, their standard of living during the marriage, the twenty-four year length of the marriage, and the husband's earning capacity, an award of $200 per month to the wife as periodic alimony is not such an abuse of discretion as to require reversal.
Likewise, we find no abuse of discretion in awarding an attorney's fee to the wife's attorney. The court's ability to award alimony includes the ability to award attorneys' fees.Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637 (1964); Haynes v.Haynes, 360 So.2d 1016 (Ala.Civ.App. 1978). Since the court retains the right to modify provisions for periodic alimony, the court also retains the right to award an attorney's fee under the proper circumstances. Whittle v. Whittle, 272 Ala. 32,128 So.2d 92 (1961). We find nothing improper about awarding an attorney's fee in this case.
The final issue raised by the husband regards certain evidentiary rulings made by the trial court; specifically, the trial court's failure to allow the husband to introduce evidence as to what transpired in the wife's attorney's office prior to his agreeing to the provisions of the divorce decree. The husband contends that this evidence should have been admitted as showing that he was induced to enter into the divorce agreement only after being given improper advice that alimony was necessary.
Essentially, the husband is attacking the final judgment of divorce on the basis of fraud. The divorce decree was rendered on October 31, 1979. The husband did not seek relief from the decree on the basis of fraud until August 26, 1981 when he filed in open court his answer to the wife's oral motion to fix alimony. A request for relief from a final judgment based upon fraud must be made within four months after the judgment is taken. Rule 60 (b), ARCP. The request for relief before us in this case clearly came more than four months after the divorce was taken; consequently, the trial court did not err in refusing to allow the husband to introduce evidence regarding fraud. Such testimony would have been irrelevant.
The wife's attorney requests an award of an attorney's fee for representation on appeal. An award of $350 is made for that purpose.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.