HOLMES, Presiding Judge.
This is an appeal from the modification of a divorce decree.
The husband and wife were divorced in June 1984 after twenty-one years of marriage. The wife was awarded, among other things, $500 per month periodic alimony, to be paid “until she remarries or [the husband] becomes disabled or loses his job.”
Pursuant to this provision, the husband petitioned the court to terminate the alimony obligation because he had become unemployed. This was granted by the trial judge in May 1988. Subsequently, the wife petitioned the court to amend this order (terminating alimony) and to specifically reserve jurisdiction over the necessity of future periodic alimony. The trial judge granted the wife’s request to amend as follows: “that the Former Husband’s obligation to pay periodic alimony is terminated until further Order of the Court and that the Court specifically reserves jurisdiction over the issue of periodic alimony.” No appeal was taken from this order.
In November 1988, in response to the wife’s petition to reinstate the periodic alimony, the trial judge entered an order restoring the $500 per month periodic alimony.
The husband appeals, contending that the trial judge cannot reinstate periodic alimony after such has been terminated.
The dispositive issue on appeal is whether the trial court erred by reinstating the periodic alimony. We affirm.
In divorce proceedings the award of and amount of periodic alimony are matters addressed to the sound discretion of the trial judge. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969). Periodic alimony may be modified or terminated under appropriate circumstances. Musgrove v. Hawkins, 513 So.2d 4 (Ala.Civ.App.1987), and Griffin v. Griffin, 479 So. 2d 1283 (Ala.Civ.App.1985).
If a divorce decree is entered without a grant of alimony, the power to grant such is lost unless the trial court reserves the right for future consideration. McLendon v. McLendon, 420 So.2d 266 (Ala.Civ.App.1982).
In the case before us the periodic alimony was terminated on petition of the husband when his employment “term” had ended at Gunter Air Force Station. The trial court amended this order, making the termination subject to further orders of the court and specifically reserving jurisdiction over the issuance of any future periodic alimony. There was no appeal taken from this amending order.
When the husband became employed again, the wife petitioned the court to reinstate the periodic alimony. Since the trial court specifically reserved this right and no appeal was taken from this order, the trial court clearly had jurisdiction to make an order reinstating the periodic alimony at a later date under appropriate circumstances. See McLendon, 420 So.2d 266.
The wife has requested that this court award a fee for her attorney’s service on this appeal. This request is granted in the amount of $500.
In light of the above, this case is due to be, and is, affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.