Linda H. Beason (wife) filed a divorce action against Harris Lynn Beason (husband). Although the wife's complaint did contain a general request for relief, no specific request for attorney fees or alimony was made. However, in the divorce judgment, the trial court awarded the sum of $900.00 to the wife for the services of her attorney and reserved the authority to award periodic alimony to the wife at a future date upon a showing of changed circumstances. The husband's motion to alter or amend the part of the judgment relating to attorney fees and alimony was denied, and he brings this appeal.
On appeal, the husband argues that the trial court abused its discretion in awarding attorney fees to the wife and reserving the authority to grant alimony where the wife did not specifically request such relief in her complaint.
At the outset, we note that Rule 54(c) of the Alabama Rules of Civil Procedure gives the trial court the discretion to award any relief a party is entitled to, even if the party has not specifically requested such relief. The rule provides, in pertinent part:
 "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
The same principle is enunciated by Rule 15(b), where it is stated:
 "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."
We find that these provisions make clear the fact that the trial court is empowered with the discretion to award relief to a party, even when such relief is not specifically requested in the complaint. See Awad v. Awad, 54 Ala. App. 154, 306 So.2d 21
(Ala.Civ.App. 1975).
Initially, the husband contends that the trial court erred in awarding attorney fees to the wife because such relief was not specifically requested, and consequently, no evidence was presented concerning the reasonable value of the attorney's services. This issue has previously been addressed by our supreme court in Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637
(1964). There, the court expressly overruled a previous case,Jeter v. Jeter, 36 Ala. 391 (1860), which held that attorney fees in a divorce case could not be allowed without proof as to their proper amount. The Hodson court stated:
 "We are not to be understood as intimating that proof of reasonableness is abolished. It is the right of either or both parties to present such proof, and it is the right of the trial court to call upon the parties to furnish such proof if he considers it necessary. But we will not reverse a decree merely because there was no proof of reasonableness of the amount awarded as attorneys' fees."
276 Ala. at 232, 160 So.2d at 641; see also Godec v. Godec,346 So.2d 459 (Ala.Civ.App. 1977), overruled on other grounds, Exparte Bayliss, 550 So.2d 986 (Ala. 1989). In light of the Hodson
decision, we find no error in the trial court's award of attorney fees to the wife in the case at bar.
The husband also contends that the trial court erred in reserving the authority to grant alimony to the wife in the future if a change in circumstances occurs. As noted above, Rules 54(c) and 15(c) eliminate the necessity of strict pleading of issues tried expressly or with the implied consent of the parties. Furthermore, where the record reveals evidence which supports an award of alimony, the trial court is not precluded from making such an award, even though it was not specifically requested. Lacy v. Lacy, 403 So.2d 251
(Ala.Civ.App. 1981).
The record in the instant case contains a great deal of evidence regarding the financial condition of the parties. It is apparent from this evidence that, although employed, the wife has been financially dependent on the husband throughout the marriage. There is also substantial testimony relating to the income and expenses *Page 1157 
of both the husband and the wife. The evidence in the record concerning the financial status of the parties is clearly related to support and alimony and supports the conclusion that the wife at some point might find herself in need of support. Therefore, we find that the reservation of authority to award alimony to the wife in the future in this situation was within the trial court's discretion. See Walton v. Walton,469 So.2d 658 (Ala.Civ.App. 1985).
In view of the above, we find no abuse of discretion by the trial court in its award of attorney fees to the wife and its reservation of authority to grant alimony to the wife in the future. Therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.