CRAWLEY, Judge,
concurring in part and dissenting in part.
Although I concur with the majority’s affirmance of the attorney-fee award and its affirmance of the trial court’s failure to allow the mother to present evidence in support of her post-judgment motions, I *475 must respectfully dissent from its reversal of the trial court’s custody award. The majority states that “[t]he ore tenus presumption has not overcome this court’s reservations about the correctness of the trial court’s custody determination.” 771 So.2d at 474. However, the ore tenus presumption should do just that. As the Supreme Court has admonished, “[a]l-though the judges of the Court of Civil Appeals might have reached a conclusion different from that of the trial judge if they had been sitting in the trial judge’s place, it was error for them to substitute their judgment for that of the trial judge.” Ex parte D.W.W., 717 So.2d 793, 796 (Ala.1998). Although the mother has in the past been an exemplary parent to her four children, I cannot agree that the evidence at trial establishes that the father cannot also be an exemplary parent to his children. The trial court, after hearing the testimony and observing the witnesses, made the determination that the children’s best interests would be served by the children’s being placed in their father’s custody. Because of the ore tenus presumption, I would not disturb that portion of its judgment.