CRAWLEY, Judge,
concurring in part and dissenting in part.
I concur except as to two holdings. I dissent from the reversal of the trial court’s judgment denying the wife an attorney fee. Our supreme court has in an earlier case reversed this court’s judgment for reversing a trial court’s award of an attorney fee where there was no evidence as to the reasonableness of the attorney fee awarded. Ex parte James, [Ms. 1981285, Nov. 19, 1999] — So.2d - (Ala.l999)(holding that the Court of Civil Appeals erred by reversing a $100,000 attorney-fee award in a divorce action even though there was no evidence that such a fee was reasonable, and citing Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637 (1964); Boykin v. Boykin, 628 So.2d 949 (Ala.Civ.App.1993); and Coan v. Coan, 516 So.2d 683 (Ala.Civ.App.1987)). Applying the standard of review applied in James, supra, I conclude that the mere fact that the wife is in a dire financial situation does not justify this court’s reversing the trial court’s determination that she is not entitled to an attorney fee.
I also dissent from the reversal of the trial court’s judgment awarding the wife restricted visitation privileges. A trial court has broad discretion over the determination of visitation rights. Andrews v. Andrews, 520 So.2d 512, 513 (Ala.Civ.App.1987). In making its determination, a trial court must, of necessity, “examin[e] ... *1202 the facts and circumstances of the individual situation.” Andrews, 520 So.2d at 518. “There is a strong presumption that the trial [court] correctly exercised [its] discretionary authority as to visitation and correctly reached a conclusion advancing the best interest of the child[].” Ex parte D.W.W., 717 So.2d 793 (Ala.1998). In light of the ore tenus presumption, which is based on the trial court’s ability to observe the witnesses before it and to assess then-credibility, a trial court’s award of visitation rights cannot be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Id. This court cannot substitute its judgment for that of the trial court. Id.
As Judge Yates states in her opinion, “there was substantial testimony regarding the wife’s mental condition.” 757 So.2d at 1201. I conclude that the trial court did not abuse its discretion by limiting the wife’s visitation to six hours per month. As admitted by Judge Yates, the wife has severe mental illness, and the husband presented evidence indicating that the wife has violent outbursts and other unpredictable behavior. That evidence supports the trial court’s judgment providing for restricted visitation. I conclude that Judge Yates has substituted her judgment for that of the trial court; therefore, I dissent from that portion of the opinion dealing with visitation.