55 So.3d 235 (2005)
Demarius Hughes AMAN
v.
Michael J. GILLEY and Susan Helms Gilley.
2031166.
Court of Civil Appeals of Alabama.
September 2, 2005.
*237 Robert H. Brogden, Ozark, for appellant.
Steven K. Brackin of Lewis, Brackin, Flowers & Johnson, Dothan, for appellees.

On Application for Rehearing
THOMPSON, Judge.
The opinion of June 24, 2005, is withdrawn, and the following is substituted therefor:
Demarius Hughes Aman appeals the judgment of the trial court finding that Michael J. Gilley and Susan Helms Gilley own an easement across a portion of Aman's real property. We reverse and remand.
Aman sued the Gilleys, who are coterminous landowners on the southern boundary of Aman's real property, to quiet title to a 120-acre parcel of real property and to enjoin them from interfering with a fence erected by Aman and her husband. The Gilleys answered, claiming to have paid taxes on a strip of land 20 feet wide and 975 feet long purportedly located within the 120-acre parcel. The Gilleys counterclaimed for a determination of the boundary line between their property and Aman's property, and they claimed ownership of the strip of land by adverse possession for a period of 10 years. The case was tried before a judge without a jury.
During the trial, the parties stipulated that the 20 foot by 975 foot strip of land was a public dirt road. At trial, however, the parties disputed the ownership of an additional strip of land (hereinafter "the disputed property") approximately 20 feet wide and approximately 200 feet long located at the end of the dirt road; the Gilleys use the disputed property as a driveway. At trial, the Gilleys claimed to own the disputed property through adverse possession.
In their posttrial brief, for the first time, the Gilleys claimed to own an easement by prescription over the disputed property. In her posttrial brief, Aman argued to the trial court that the Gilleys had not claimed an easement by prescription before or at trial and that, therefore, they were not entitled to an easement by prescription. Aman specifically directed the court's attention to Michael Gilley's trial testimony that the Gilleys were claiming ownership of the disputed property by adverse possession. Aman also argued that the Gilleys had failed to prove that their possession of the disputed property was exclusive and hostile. The trial court entered a judgment finding that "the Gilley[s] have acquired an easement or right of way down the roadway including the driveway in question and that the Gilley[s] shall be entitled to use the road and driveway free of any interference from [Aman] or [Aman's] agents or employees."
When evidence is presented ore tenus and the trial court "`resolves conflicting questions of fact in favor of one of the parties, its findings will not be disturbed on appeal unless they were clearly erroneous or manifestly unjust.'" Lilly v. Palmer, 495 So.2d 522, 525 (Ala.1986) (quoting Scarbrough v. Smith, 445 So.2d *238 553, 555 (Ala.1984)). "The presumption of correctness is particularly strong in adverse possession cases, because it is difficult for an appellate court to review the evidence in such cases." Rice v. McGinnis, 653 So.2d 950, 950 (Ala.1995). However, when the question presented on appeal is one of law, the ore tenus rule has no application. Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994).
Aman contends on appeal that the trial court erred in granting the Gilleys a prescriptive easement because the Gilleys did not allege that they had acquired an easement by prescription in their counterclaim and because Michael Gilley specifically testified at trial that the Gilley were claiming ownership of the disputed property by adverse possession.
"At the outset, we note that Rule 54(c) of the Alabama Rules of Civil Procedure gives the trial court the discretion to award any relief a party is entitled to, even if the party has not specifically requested such relief. The rule provides, in pertinent part:
"`Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.'
"The same principle is enunciated by Rule 15(b), [Ala. R. Civ. P.,] where it is stated:
"`When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.'
"We find that these provisions make clear the fact that the trial court is empowered with the discretion to award relief to a party, even when such relief is not specifically requested in the complaint. See Awad v. Awad, 54 Ala.App. 154, 306 So.2d 21 (Ala.Civ.App.1975)."
Beason v. Beason, 571 So.2d 1155, 1156 (Ala.Civ.App.1990). Thus, it was within the trial court's discretion, if it determined that the issue had been tried by the implied consent of the parties, to award the Gilleys relief not requested in their counterclaim, i.e., an easement by prescription. However, a trial court can grant relief not specifically requested in a complaint or counterclaim only when the party seeking such relief has met its burden of proving the elements of that claim.
Therefore, we address Aman's claim that the Gilleys failed to meet their burden of proof to establish their claim of an easement by prescription. The Alabama Supreme Court has identified the elements necessary to establish an easement by prescription as follows:
"`"... [T]he claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use is adverse to the owner."'
"Apley v. Tagert, 584 So.2d 816, 818 (Ala.1991) (citation omitted) (emphasis added)."
Hollis v. Tomlinson, 585 So.2d 862, 863 (Ala.1991). A permissive use of lands does not ripen into an adverse use until there has been a repudiation of the permissive use so as to afford the owner notice of an adverse claim. Cotton v. May, 293 Ala. 212, 301 So.2d 168 (1974); Gonzalez v. Naman, 678 So.2d 1152 (Ala.Civ.App. 1996). Furthermore, an easement by prescription "`is not established merely by *239 the use of the lands of another for a period of twenty years or more.'" Cotton v. May, 293 Ala. at 214-15, 301 So.2d at 170 (quoting West v. West, 252 Ala. 296, 297-98, 40 So.2d 873, 874 (1949)). Accord Carr v. Turner, 575 So.2d 1066, 1067-68 (Ala. 1991); Fisher v. Higginbotham, 406 So.2d 888, 889 (Ala.1981); Ford v. Alabama By-Products Corp., 392 So.2d 217, 219 (Ala. 1980); Belcher v. Belcher, 284 Ala. 254, 256, 224 So.2d 613, 614 (1969); Loveman v. Lay, 271 Ala. 385, 392, 124 So.2d 93, 98 (1960); Roberts v. Monroe, 261 Ala. 569, 577, 75 So.2d 492, 499 (1954); and West v. West, 252 Ala. 296, 297-98, 40 So.2d 873, 874 (1949).
In 1975, Leonard Helms conveyed to the Gilleys approximately an acre and a half of property in the midst of property he owned; Helms is Susan Gilley's father and Michael Gilley's father-in-law. At trial, the parties stipulated that a dirt road branching off County Road 68 and ending at the northeast corner of the Gilleys' real property is a public road and is maintained by Geneva County. The public dirt road forms the southern boundary of Aman's property until the road terminates at the northeastern corner of the Gilleys' property; the northern boundary of the Gilleys' property then marks the southern boundary of Aman's property. Helms retained property to the west of the Gilleys' property on the southern boundary of Aman's property. Aman's father is her predecessor-in-title to her property.
The property in dispute is approximately 20 feet wide and approximately 200 feet long; it commences at the end of the dirt road in the northeast corner of the Gilleys' property on the southern boundary of Aman's property and "curves out" into Aman's property. The Gilleys use the disputed property as a driveway. The only issue before the trial court was whether the Gilleys' use of the disputed property was adverse to Aman. See Hollis v. Tomlinson, 585 So.2d at 863.
Helms testified that during the time he owned the property now owned by the Gilleys, he used the disputed property. Helms has continued to use the disputed property to access the portion of his property that lies to the west of the Gilleys' property. Helms testified that Aman's father, who owned Aman's property until approximately 2000, did not mind his using the disputed property to access his property. Helms testified that he did not do anything antagonistic to the interest of Aman's father when he used the disputed property.
Michael Gilley testified that he had used the disputed property as a driveway during the entire time the Gilleys have owned their property. Michael Gilley admitted that Helms, Aman's father, and Aman's husband had also used the disputed property during the 26 years that the Gilleys had lived on their property. He admitted that he had never maintained the disputed property, but he claimed that Geneva County had graded the public dirt road and the disputed property at least once a month.
Larry Everett, a County Commissioner for Geneva County, testified that the county had graded the public road. In response to a question whether the county had graded the disputed property in this action, Everett testified that, to his knowledge, it had not, and that the person employed by the county to conduct the grading was only authorized to grade to the end of the public road. Mark Carroll, the person who performed the grading for the county, testified that he had graded the public road and the disputed property.
The Gilleys' use of the disputed property was presumed to be permissive. Hollis v. Tomlinson, supra. The Gilleys did not present any evidence to rebut the presumption *240 that their use of the disputed property was permissive. The Gilleys presented only evidence that they had used the disputed property for 26 years as a driveway. However, as stated earlier, the mere use of the disputed property for 20 years or more does not establish an easement by prescription. Cotton v. May, supra; Carr v. Turner, supra; Fisher v. Higginbotham, supra; and Ford v. Alabama By-Products Corp., supra. Therefore, the Gilleys failed to prove adverse use of the disputed property, which is an essential element to establish their entitlement to an easement by prescription. Accordingly, we must conclude that the trial court erred in awarding an easement by prescription. The judgment of the trial court is reversed, and this cause is remanded for the entry of a judgment consistent with this opinion.
OPINION OF JUNE 24, 2005, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, with writing, which CRAWLEY, P.J., joins.
MURDOCK, Judge, concurring in the result.
Based on my review of the record, I conclude that a claim FOR an easement by prescriptionas opposed to a claim FOR adverse possessionwas not tried by the implied consent of the parties. Accordingly, I do not find the holding from Beason v. Beason, 571 So.2d 1155 (Ala.Civ.App. 1990), quoted in the main opinion, nor Rule 15(b) or Rule 54(c), Ala. R. Civ. P., to be applicable.
While it is true that Rule 54(c) does provide that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled," the purpose of this rule is to confirm that a failure to ask for particular relief in one's pleadings does not serve to bar that relief from being granted, provided that a claim that would support that relief has been tried by the implied consent of the parties. The rule itself implies this purpose in stating that every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled "even if the party has not demanded such relief in the party's pleadings." Moreover, the official Committee Comments on 1973 Adoption of the rule verify that
"[t]he second sentence of subdivision (c) implements the general principle of Rule 15(b), that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded. . . . But this rule is only applicable where the proof supports the relief finally given, and where, therefore, pursuant to Rule 15(b), the pleadings could be deemed to be amended to conform to the evidence."
The "general principle of Rule 15(b)" that Rule 54(c) "implements" is exactly as indicated by this comment; Rule 15(b), itself, states: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."
A cause of action for an easement by prescription was not tried by the implied consent of the parties in this case. Aman was not put on notice before or during trial that a cause of action for an easement by prescription was being litigated. The Gilleys included no mention of a claim for an easement by prescription in any pleading. At trial, Mr. Gilley specifically testified that he claimed title to the subject property by "adverse possession." As Aman defended *241 against the elements of a cause of action for adverse possession, there was nothing to indicate to her that she ought also to be putting on evidence or making legal arguments in opposition to the somewhat different elements of a cause of action for an easement by prescription. The evidence introduced by the Gilleys that could be viewed as consistent with the assertion of a claim for an easement by prescription was in fact properly admitted as supportive of the Gilleys' adverse-possession theory.
Not unlike the present case, in McCollum v. Reeves, 521 So.2d 13 (Ala.1987), the plaintiffs contended that they should have been granted relief by the trial court in the form of an easement based on the fact that they had introduced evidence establishing their use of a strip of property located along or near the boundary of their land and the land of the defendants. As the Supreme Court explained, however,
"the testimony concerning the plaintiffs' use of the [disputed property] was also relevant to the issue of the proper location of the boundary line. When a party contends that an issue was tried by express or implied consent and the evidence on that issue is also relevant to the issue expressly litigated, there is nothing to indicate that a new issue was raised at trial, and the pleadings are not deemed amended under Rule 15(b). Wright & Miller, Federal Practice & Procedure, Civil, § 1493 (1971)."
McCollum v. Reeves, 521 So.2d at 17. See also, e.g., Metropolitan Life Ins. Co. v. Sullen, 413 So.2d 1106 (Ala.1982).
In Foy v. Foy, 447 So.2d 158, 162 (Ala. 1984), "[t]he parties came into court to determine whether an executory option contract [was] enforceable and valid. The trial court, on its own motion, voided that contract and ... deeds which transferred... land on the basis of the contract." As the Supreme Court held, however, there was
"no legal authority for the trial court's action. While Rules 15(b) and 54(c), [Ala. R. Civ. P.], eliminate the necessity of strict pleading of issues tried with the implied consent of the parties, they do not provide a trial court with the authority to foist on the parties relief completely different from that contemplated by the parties, based on issues not raised by either party."
Foy, 447 So.2d at 163. Similarly, in the present case, while the Gilleys did raise the issue of an easement by prescription in their postjudgment brief, that was not an issue raised by either party before or during the trial of this case.
Accordingly, I disagree with the suggestion in the main opinion that the trial court could have entered a judgment in favor of the Gilleys based upon a cause of action for an easement by prescription if only the evidence at trial had been sufficient to establish each of the elements of such a cause of action. I therefore must concur only in the result reached by the main opinion; the issues presented in this appeal do not include the issue upon which the main opinion primarily focuses, i.e., whether the evidence introduced at trial was sufficient to prove each of the elements of an easement by prescription.
CRAWLEY, P.J., concurs.